UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EUGENE CHRISTENSON and )
SHARON CHRISTENSON, )
)
    Plaintiffs, )
)
   vs. ) Case No. 4:16-CV-1142 (CEJ)
)
CITIMORGAGE, INC., )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to transfer this action to the District of Colorado, pursuant to 28 U.S.C. § 1404(a). Plaintiffs have filed a response in opposition to the motion and the issues are fully briefed.

**I.   Background**

This is the second lawsuit that plaintiffs Eugene and Sharon Christenson have brought against CitMortgage, Inc., alleging that it failed to adequately respond to a Qualified Written Request (QWR),[1] as that term is defined by the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617. The first lawsuit was filed in the United States District Court for the District of Colorado, which entered final judgment in favor of defendant on June 7, 2016.

On April 20, 2009, plaintiffs executed a promissory note secured by a deed of trust on their real property located in Grand Junction, Colorado. The note and deed of trust are held by defendant, which is a mortgage servicer. Christenson v. Citimortgage, Inc., No. 12-CV-02600-CMA-KLM, 2013 WL 5291947, at *1 (D. Colo.

---

[1] The Court takes no position as to whether plaintiffs' communication with defendant meets the requirements of a QWR.

Sept. 18, 2013). Plaintiff Eugene Christenson was laid off in 2009 and, by May 2010, plaintiffs were in default under the note and deed of trust. See id. at *3.

**Foreclosure and Bankruptcy Proceedings**

On Oct. 8, 2010, defendant commenced a foreclosure proceeding. [Doc. # 3 at 3]. On June 28, 2011, plaintiffs filed for Chapter 13 bankruptcy, thereby staying the foreclosure proceeding. Christenson, 2013 WL 5291947, at *3. On November 4, 2011, the bankruptcy court confirmed a plan which required plaintiffs to make monthly payments on the past due amounts. In September 2014, defendant withdrew the foreclosure proceeding. [Doc. # 3 at 3]. On September 9, 2014, the bankruptcy court granted the trustee's motion to dismiss the bankruptcy case because plaintiffs failed to make the payments required under the plan. See In re Christenson, No. 11-25398-SBB (D. Colo.) [Docs. ##42 and 43].

**March 2011 Letter and District of Colorado Lawsuit**

On March 31, 2011, plaintiffs sent defendant "a formal written inquiry under 12 U.S.C. § 2605(e)," asking what actions it had taken regarding "loss mitigation" and "special forbearance." See Letter [Doc. # 3-2 at 1]. Defendant failed to respond. Christenson II, 2013 WL 5291947, at *3. On October 1, 2012, plaintiffs filed suit in the District of Colorado, alleging that defendant violated RESPA by failing to respond to their March 2011 letter. Id. at *4. On September 18, 2012, the district court dismissed this claim, finding that the March 2011 letter was not a qualified written request under RESPA because it did not relate to the servicing of plaintiffs' loan.[2] Id. at *6; see also Christenson v. Citimortgage, Inc., No. 12-CV-

---

[2] Plaintiffs also claimed that defendant breached the deed of trust by initiating foreclosure in violation of HUD regulations. Id. at *7. The District Court dismissed this claim, holding that

2

02600-CMA-KLM, 2014 WL 4637119, at *3 (D. Colo. Sept. 16, 2014) (denying motion to reconsider dismissal of RESPA claim). Plaintiffs subsequently amended their complaint to add claims that (1) defendant's failure to respond to the March 2011 letter constituted a violation of Colorado Revised Statute § 38–40–103, and (2) defendant engaged in unfair and deceptive practices in violation of the Colorado Consumer Protection Act. [See Doc. #4-6 (Third Amended Complaint)]. On June 7, 2016, the Colorado court entered summary judgment in favor of defendant on these claims. Christenson v. CitiMortgage, Inc., No. 12-cv-2600 CMA-KLM [Doc. # 102].

### October 2014 Letter

On October 30, 2014, plaintiffs sent defendant another letter to "dispute your servicing of our mortgage. Please consider this letter a 'qualified written request' under [RESPA], 12 U.S.C. § 2605(e)." Plaintiffs then asked a series of questions directed to defendant's loss mitigation activities, substantially similar to those posed in their 2011 letter. See Letter [Doc. # 3-1] ("We previously sent a request on March 31, 2011. Our letter is largely a repetition . . ."]. On December 1, 2014, defendant sent a response, signed by Amanda Friedhoff, Legal Support Specialist. Ms. Friedhoff advised plaintiffs that, prior to initiating foreclosure, CMI "explored a variety of loss mitigation options," citing eight letters defendant sent to plaintiffs between November 23, 2009, and November 27, 2010. Ms. Friedhoff also stated that the foreclosure had been withdrawn and that CMI was "renewing our loss mitigation review." Finally, she asked the plaintiffs to complete and return the

---

the failure to comply with HUD regulations provided an affirmative defense to foreclosure but did not create a cause of action for breach of contract. Id.

"CitiMortgage Customer Hardship Assistance Package" that was included with the letter.[3] Letter [Doc. # 3-3].

**The Current Lawsuit**

Final judgment was entered in the first lawsuit on June 7, 2016. Plaintiffs filed this action on July 14, 2016. In Count I, they assert a claim pursuant to RESPA, alleging that defendant's response to the October 2014 letter was false and evasive in violation of 12 U.S.C. § 2605. They seek damages for severe emotional distress plus attorneys' fees and costs. In Count II, they seek a declaratory judgment that any claim defendant has against them for breach of the note and acceleration of the debt was a compulsory counterclaim in the Colorado action and that the entry of final judgment in that case "determined that claim against defendant."

## II. Discussion

The transfer-of-venue statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no dispute that the instant action could have been brought in the District of Colorado, as demonstrated by plaintiffs' first lawsuit. There is also no dispute that venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) because defendant has its principal place of business within this district. [Doc. #1 at ¶3]. See Alan Wright, et al. 14D <u>Fed. Prac. & Proc.</u> § 3829 (4th ed.) (transfer under § 1404 requires a determination that the forum in which the case was initially filed was proper). When considering a request to transfer venue under

---

[3] Plaintiffs did not complete and return the package. Elina Alsiweadi Declaration [Doc. # 11-2 at ¶33].

§ 1404(a), the court may consider undisputed facts presented through affidavits, depositions, stipulations, and other relevant documents. Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC, 124 F. Supp. 3d 878, 883 (D. Minn. 2015) (citation omitted).

When determining the propriety of transfer, the court considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice," along with undertaking a case-specific evaluation of the circumstances surrounding the requested transfer to determine whether transfer is warranted. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The Eighth Circuit has declined to offer an "exhaustive list of specific factors to consider" in making the transfer decision and has directed the courts to weigh any "case-specific factors" relevant to convenience and fairness to determine whether transfer is warranted. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (internal citation omitted). The party requesting transfer has the burden to show that the balance of these factors favors it. Dube v. Wyeth LLC, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (citing Moretti v. Wyeth, No. 07-CV-3920 DWF-SRN, 2008 WL 732497 at *1 (D. Minn. March 17, 2008)).

**A. Convenience Factors**

The Court first considers the balance of convenience factors, including:

(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

Terra Int'l, 119 F.3d at 696.

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Although there is a presumption in favor of plaintiff's choice of forum, that choice is afforded significantly less deference when the plaintiff does not reside, and the underlying events did not occur, in the chosen forum. See In re Apple, 602 F.3d at 913; Boss v. Travelers Home & Marine Ins. Co., No. 2:16-CV-04065-NKL, 2016 WL 3200289, at 4 (W.D. Mo. June 8, 2016); Dube, 943 F. Supp. 2d at 1008.

Plaintiffs' choice of forum is not entitled to much deference in this case. They do not reside in this district and the events giving rise to the parties' dispute are centered in Colorado: the loan at issue originated in Colorado and is secured by property located there. Until this lawsuit was filed, all of the litigation arising from the parties' relationship — the foreclosure action, the bankruptcy proceedings, and the Colorado action — was based in Colorado. In addition, plaintiffs seek a declaration that defendant is precluded from bringing a claim for breach of the note and acceleration of the debt which is secured by the Colorado property.

On balance, the convenience factors favor transfer. Plaintiffs reside in Grand Junction, approximately two miles from the federal courthouse.[4] In addition, the witnesses with information relevant to plaintiffs' claim for emotional distress damages are located in Colorado and are within the subpoena power of the Grand

---

[4] Plaintiffs note that, in the prior action, defendant insisted on and was granted a trial setting in Denver, over plaintiffs' request for setting in Grand Junction. [Doc. # 17 at 1]. Having requested transfer to the District of Colorado based on its representation that Grand Junction was a more convenient venue, it would border on bad faith for defendant to oppose any request plaintiffs might make for a trial setting in Grand Junction.

Junction Court. See Dube, 943 F. Supp. 2d at 1008 (giving significant weight to the fact that key nonparty witnesses would not be subject to subpoena power and that costs of travel would be expensive). Similarly, the author of the October 2014 QWR resides in Colorado. In addition, counsel for both parties are located in Colorado. Thus, travel costs for parties. witnesses, and counsel will be much reduced if this case proceeds in Colorado.

Plaintiffs counter that the subject matter of this dispute is defendant's "false and evasive" response to their QWR, which was written by an employee located at defendant's headquarters in Missouri.[5] Plaintiffs identify other employees of defendant who are likely witnesses. However, inconvenience caused to party-employees is not of paramount concern because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum. Moretti, 2008 WL 732497, at *1 (internal quotations and citations omitted). Finally, the Court takes into consideration the fact that plaintiffs initially filed suit in Colorado, which the Court deems to be a concession that Colorado is not an inconvenient forum.

### B. Interests of Justice Factors

The Court also considers factors influencing the wider interests of justice in this case, including:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

---

[5] Plaintiffs further argue that any witnesses to defendant's alleged failure to comply with the terms of the deed of trust are located in Missouri. Plaintiffs' breach of contract claim was decided adversely to them in the Colorado action. See supra n.2. Plaintiffs cannot relitigate the claim in a second lawsuit.

Terra Int'l, 119 F.3d at 696.

As noted above, plaintiffs' choice of forum in this case is not entitled to much weight. Turning to the other factors, judicial economy favors transfer in this case. The Colorado court has already completed an extensive analysis of plaintiffs' 2011 QWR, which plaintiffs concede is substantially similar to the QWR that is the subject of this action. In addition, plaintiffs' declaratory judgment claim requires a determination of the preclusive effect of the Colorado action on any future claim defendant may have for breach of the deed of trust. Again, the Colorado district court has significant experience with the background of this claim. The parties have not addressed the remaining factors and they are of little import to the analysis.

Plaintiffs rely on Cole v. JPMorgan Chase N.A., No. 2:15-CV-2634-EAS-EPD (S.D. Ohio Aug. 25, 2016) [Doc. # 40], in which the district court denied the defendant's § 1404 motion to transfer the case to the plaintiff's home forum. Cole is distinguishable, however, because the plaintiff had not previously filed an action against the defendant in his home forum, a factor which has significant weight in the §1404 analysis in this case.

* * *

For the reasons set forth above, the Court concludes that, for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the District of Colorado, where plaintiffs reside, the subject property is located, and issues relevant to plaintiffs' claims under RESPA and for declaratory relief were previously decided.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer this case [Doc. # 3] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the District of Colorado.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2016.